**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 08-5055**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JORGE MONGE,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:07-cr-01365-HMH-7)

───────────────

Submitted:  August 17, 2009          Decided:  August 28, 2009

───────────────

Before WILKINSON, KING, and AGEE, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Andrew B. Moorman, BANNISTER & WYATT, LLC, Greenville, South
Carolina, for Appellant. Regan Alexandra Pendleton, Assistant
United States Attorney, William Jacob Watkins, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Monge appeals from his conviction and 121-month sentence entered pursuant to his guilty plea to a methamphetamine conspiracy. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether Monge's sentence was cruel and unusual punishment. Although informed of his right to do so, Monge has not filed a pro se supplemental brief. After a thorough review of the record under Anders, we affirm.

Monge was sentenced at the low end of his advisory Guidelines range and received a sentence one month longer than the applicable statutory minimum. On appeal, he asserts that his sentence was cruel and unusual punishment, given his minimal prior record and his minor role in the offense. However, "[t]he Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment." United States v. Khan, 461 F.3d 477, 495 (4th Cir. 2006). Though "[s]evere, mandatory penalties may be cruel, . . . they are not unusual in the constitutional sense." Harmelin v. Michigan, 501 U.S. 957, 994 (1991). Accordingly, Monge's assertion is without merit.

Our independent review of the record reveals no meritorious issues for appeal. Accordingly, we affirm Monge's conviction and sentence. This court requires that counsel inform Monge, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED